**UNITES STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 09-61792-Civ-COOKE/BANDSTRA**

DOROTHY MULDROW,

     Plaintiff

vs.

CREDIT BUREAU COLLECTION
SERVICES, INC., d/b/a CBCS

     Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS CASE is before me on Defendant's Motion to Dismiss [D.E. 13].  I have reviewed the motion, the complaint, and the relevant legal authorities. For the reasons explained in this order, the Motion to Dismiss is granted.

**I. BACKGROUND**

On several occasions in and around 2008, the Defendant, Credit Bureau Collection Services, Inc d/b/a CBCS, left messages on the voice mail of the Plaintiff's cellular telephone in an effort to collect a debt.  (Compl. ¶¶ 8-11 [D.E. 1]).  The Plaintiff, Dorothy Muldrow, brought this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat., § 559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C  § 227 *et seq*. ("TCPA").  Ms. Muldrow claims CBCS violated these laws when it left the voice mail messages for her on her cell phone.  Ms. Muldrow is seeking "statutory damages of up to $1,000," as well as costs, litigation expenses, and attorney's fees for her FDCPA claims.  (Pl.'s Rule 26 Initial Disclosure (C)(1) [D.E. 13-1]; *see, e.g.,* Compl. Count I [D.E. 1]).  On April 1, 2010, CBCS communicated to Ms. Muldrow its

offer of $1,001, plus reasonable attorneys' fees and costs to settle her FDCPA claims.  On April 2, 2010, CBCS filed a motion to dismiss for lack of subject matter jurisdiction.  A responsive motion has not been filed despite the fact a motion for extension of time was granted on April 20, 2010.[1]

## II. LEGAL STANDARDS

The United States Constitution limits the judicial authority of federal courts to only litigate real "cases or controversies."  U.S. Const. art. III, § 1.  Justiciability requirements are fundamentally instilled in the federal judicial system to prevent the rendering of advisory opinions, and meaningless adjudications.  *Id.*; *see U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446 (1993).  If events that occur after a lawsuit is filed deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007); s*ee also Dupree v. Palmer*, 284 F.3d 1234, 1236-37 (11th Cir. 2002) ("The case or controversy requirement of the Constitution requires that moot cases be dismissed; in a moot case, there is no longer the vitality and interest among the parties that our adversary system of justice requires.").

Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this is subject to a motion to dismiss because he has no remaining stake in the outcome of the litigation.  *Capote v. United Collection Bureau, Inc.*, No. 09-61834-Civ, 2010 WL 966859, at *1 (S.D. Fla., 2010) (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the

---

[1]  Pursuant to Local Rule 7.1(C), the Plaintiff's failure to oppose the Defendant's Motion to Dismiss is sufficient grounds for granting the motion by default.

plaintiff's entire demand, there is no dispute over which to litigate.").

Although a district court may not exercise jurisdiction absent a statutory basis, once a court has original jurisdiction over some claim in an action, it may exercise supplemental jurisdiction over additional claims arising from the same case or controversy.  28 U.S.C.§ 1367(a).  If the federal claim is dismissed before trial, the supplemental claims may be dismissed since there is no jurisdictionally sufficient claim to satisfy supplemental jurisdiction. 28 U.S.C. §1367(c)(3).

### III. ANALYSIS

**A.      Violation of the Fair Debt Collection Practices Act, (Count I)**

Offering the maximum statutory damages eliminates any controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action.  *MacKenzie v. Kindred Hosps. E.*, *LLC*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003) ("the defendants offer of full relief therefore rendered this case moot, even though the plaintiff did not accept that offer").  In other words: "You cannot persist in suing after you've won." *Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999).  Under the FDCPA, Ms. Muldrow cannot recover more than $1,000.00 in statutory damages per action, regardless of the number of violations proven.[2] *Harper v. Better Business Servs., Inc.,*961 F.2d 1561 (11th Cir. 1992).  CBCS's offer of $1,001.00 moots the FDCPA claims because the court can no longer can provide meaningful relief through adjudication.  *Sheely,* 505 F.3d at 1173.

_____

[2]  Where a claimant does not sustain any actual damages, the FDCPA limits the liability of a "debt collector" to "such additional damages as the court may allow, but not exceeding $1,000.00," and "costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C §§ 1692k(a)(1).

_____Since CBCS offered the statutory maximum in FDCPA damages, Ms. Muldrow FDCPA claims are now moot. *MacKenzie*, 276 F. Supp. 2d at 1219.  Accordingly, judgment will be entered in favor of the Plaintiff, consist with CBCS's offer, and the FDCPA claims will be dismissed. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 575 (6th Cir. 2009).

**B.**      **Violation of the Florida Consumer Collection Practices Act, (Count II) and the Telephone Consumer Protection Act, (Count III)**

Having dismissed Ms. Muldrow's FDCPA claims, I decline to exercise supplemental jurisdiction over the remaining counts brought under the FCCPA and the TCPA.  28 U.S.C. §1367(c)(3).  The FCCPA is a cause of action founded in a Florida statute, and the TCPA, although a federal law, confers exclusive jurisdiction over private actions upon state courts. *Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1988).

## IV. CONCLUSION

For the reasons explained in this order, the Defendant's Motion to Dismiss [D.E. 13] is **GRANTED**.  Ms. Muldrow's FDCPA claims, counts I, II, III, and IV of the complaint, are dismissed with prejudice.  Ms. Muldrow's remaining claims are dismissed without prejudice, for lack of subject matter jurisdiction.  Judgment for  Ms. Muldrow in the amount of $1001.00, plus reasonable attorney's fees and costs will be entered in a separate order.  The Clerk shall **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of June 2010.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
Ted E. Bandstra, U.S. Magistrate Judge
Counsel of record

-4-