UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-61792-Civ-COOKE/BANDSTRA

DOROTHY MULDROW,

    Plaintiff

vs.

CREDIT BUREAU COLLECTION
SERVICES, INC., d/b/a CBCS

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

THIS CASE is before me on the Defendant's Motion for Reconsideration. I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, the Motion for Reconsideration is denied.

### I. BACKGROUND

The Defendant initially moved to dismiss the Plaintiff's complaint for lack of subject matter jurisdiction. (Def.'s Mot. to Dismiss, ECF No. 13). The Defendant argued that since it offered to settle the Plaintiff's Fair Debt Collection Practice Act (FDCPA) claim for the full amount demanded by the Plaintiff, and because the FDCPA count was the only claim giving rise to federal-question jurisdiction, that the remaining counts of the Plaintiff's complaint should be dismissed for lack of jurisdiction. (*Id.* at 2-6). I agreed with the Defendant's argument, holding that "[s]ince [the Defendant] offered the statutory maximum in FDCPA damages, Ms. Muldrow['s] FDCPA claims are now moot." (Order Granting Def.'s Mot. to Dismiss 4, ECF No. 20). Citing *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 575 (6th Cir. 2009), I determined that judgment would be entered in favor of the Plaintiff, consistent with the

Defendant's offer.  (*Id.*).

## II. LEGAL STANDARDS

### A. *Motion for Reconsideration*

Federal Rule of Civil Procedure 60(b) outlines the "circumstances under which relief may be obtained from the operation of final judgments." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 26, 1981).[1]  "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [based upon]. . .mistake [or] inadvertence . . . ."  Fed. R. Civ. P. 60(b)(1).[2]  Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'"  *Seven Elves, Inc.*, 635 F.2d at 401 (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970 ), cert. denied, 399 U.S. 927 (1970)).  Where it is the court's misunderstanding or misapplication of the law that is asserted in a Rule 60(b)(1) motion, the movant must demonstrate that the court's mistake involved "a 'plain misconstruction' of the law and the erroneous application of that law to the facts." *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th Cir. 1979)); *see also In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001) (reasoning that a "judicial error" may be "corrected as a mistake pursuant to Rule 60(b)" where the error involves "a fundamental misconception of the law or conflict with a

---

[1]  The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2]  The Defendant quotes Rule 60(b)(1), (4), and (6) in its Motion for Reconsideration.  I will consider the motion under Rule 60(b)(1) since a "claim of legal error falls in the category of 'mistake' under Rule 60(b)(1) thus is not cognizable under 60(b)(6) . . . ."  *Hopper v. Euclid Mannor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *see also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (holding that "60(b)(1) and (b)(6) are mutually exclusive" such that "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)").

clear statutory mandate").

### B. *Judicial Estoppel*

"The doctrine of judicial estoppel is a common law principle which precludes a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation."  31 C.J.S. Estoppel and Waiver § 186 (2010).

> [T]hree factors typically inform the decision whether to invoke judicial estoppel: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead; and (3) whether the party advancing the inconsistent position would derive an unfair advantage.

*Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

### III. ANALYSIS

The Defendant argues that the final judgment entered against it was improper because it never made a formal offer under Federal Rule of Civil Procedure 68.  (Def.'s Mot. for Recons. 3-4, ECF No. 22).  The Plaintiff points out that the case law and rationale relied upon by the Defendant in its motion to dismiss are all predicated on a Rule 68 offer.  (Pl.'s Opp'n to Def.'s Mot. 1, ECF No. 23).  The Plaintiff argues that the Defendant, through its argument in the motion to dismiss, requested the Court to treat its offer as a Rule 68 offer, and that under these circumstances the entry of judgment was appropriate.

In this case, all three factors of the doctrine of judicial estoppel are present.  First, the Defendant's present position is that its offer to the Plaintiff was merely to pay damages and attorney's fees, but not to agree to the entry of a judgment.  This is inconsistent with its argument in the motion to dismiss, where it relied on a body of case law predicated on a Rule 68 offer.

3

The Defendant invited the Court the treat its offer as a Rule 68 offer, in order to extinguish the FDCPA claim, and dismiss the remaining state law claims.  Now, in the motion for reconsideration, the Defendant takes the inconsistent position that its offer should not be treated the same as the offers in the cases it cited in the motion to dismiss.  The Defendant's arguments in its motion to dismiss and in its motion for reconsideration are contradictory – the Defendant cannot have it both ways.

Second, the Defendant succeeded in persuading the Court to accept its earlier position, as evidenced by the order granting its motion to dismiss (ECF No. 20).  There is no way to accept the Defendant's duplicitous positions without concluding that this Court was mislead in either the initial motion to dismiss, or in the present motion for reconsideration.  To be clear, this Court was led to believe that the Defendant's offer to the Plaintiff would afford Ms. Muldrow complete relief and satisfy all of her demands as set out in her complaint.  One of the Plaintiff's demands was that "the Court enter judgment in favor of Plaintiff and against Defendant." (Compl. 4-6, ECF No. 1).  If the Defendant wished to compromise this matter, by paying the Plaintiff an agreed upon amount, but withhold any admission of liability or wrongdoing then that is the deal it should have presented to the Plaintiff.  Here, the Defendant unequivocally led this Court to believe that the offer it made to the Plaintiff afforded her *complete* relief.  Now the Defendant argues that it only offered the Plaintiff *partial* relief.  Accepting both propositions would lead to one conclusion: that this Court was mislead in one of these instances.

Lastly, if the Defendant were to prevail in its motion for reconsideration, it would clearly derive an unfair advantage.  If the Defendant were to succeed on this motion, the practical effect would be to grant judicial *imprimatur* to the Defendant's bait-and-switch tactic.  This would allow the Defendant to extend an offer to the Plaintiff for damages and attorney's fees, but

without admitting wrongdoing or submitting to a final judgment, and then, regardless of whether the Plaintiff accepted the offer or not, have the Court dismiss the Plaintiffs claims. Without the entry of a judgment the Plaintiff would not be afforded complete relief for her FDCPA claims. The Defendant, through its arguments in the motion to dismiss clearly represented to the Court that its offer constituted complete relief for the Plaintiff's claims. (Def.'s Mot. to Dismiss 4-5, ECF No. 13). The Defendant is now estopped from arguing that the relief afforded to the Plaintiff should be limited to monetary damages and attorney's fees.

## IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** that the Defendant's Motion for Reconsideration (ECF No. 22) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 22nd day of December 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*